Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 The question presented in this case is a narrow one, and may be disposed of in a few words.
 

 The plaintiff claims that,he has invented ■ a new and useful irm provement in the art of manufacturing bricks and tiles'; .and states his invention to consist in using fine anthracite coal, or ceal-dust, with clay, for the purpose of making brick or tile ; — and for that only he claims.a.patent. And the only question presented by the record is, whether his description of the relative proportions, of coal-dust ánd clay, as given in his> specification, is upon the fa-'e of it too vague and uncertain to support a patent:
 

 The'degree of certainty which the law requires is set forth in the act of Congress. The specification must be. in such full, clear, and exact terms as to enable any one skilled in the art to which it appertains to compound and use the- invention ; that is say, to compound and use it without making any experiments of his own.. In patents for machines the sufficiency of the description must, in general, be a question of fact to be determined by the jury. And this must also be the case in compositions of matter, where any of
 
 *5
 
 the ingredients mentioned in the specification do not always possess exactly the same properties in the same degree.
 

 . But when the specification of a new composition of matter gives only the names of the substances which are to be mixed together, without' stating any relative proportion, undoubtedly it would 'be the duty of the court to declare the- patent to be void. . And the same rule would prevail where it was apparent that the, proportions were stated ambiguously and vaguely. For in such cases it would be evident, on the face of the specification, that no'one could use the invention without -first ascertaining by experiment the exact, proportion of the different ingredients required to produce the result intended- to be obtained. And if the specification hefore us ■was liable to either of these objections the' patent would be void, and the instruction given by-the Circuit Court undoubtedly'right.
 

 But we do not think this degree of vagueness ■ and uncertainty exists." The patentee gives a certain proportion as a general rule ; that is, three - fourths of a' bushel of coal-dust to' one thousand bricks. ’ It is true he also states that clay which requires the most burning will require the greatest proportion of coal-dust; and .that some-clay may require one eighth more than the proportions- given, and some not more than half a bushel instead of three fourths. The two last-mentioned proportions may, however, be justly considered as exceptions to the rule he has stated; and as applicable to those cases,only where the clay has.some peculiarity, and differs in quality from that ordinarily employed in making bricks. • Indeed, in most compositions of matter, some small difference in the proportions must occasionally be required, since the ingredients proposed to be, compounded must sometimes be in some degree superior or inferior to those most commonly used. In this case, however, the genéral rule is given with entire exactness - in its terms; and the notice of the variations, mentioned in the specification, would seem to be designed to guard the brick-maker against mistakes, into which he might fall if - his "clay was mor.e or less hard to burn than the kind ordinarily- -employed in the manufacture.
 

 It may be, indeed, that the qualities of clay generally differ so widely that’the specification of the proportions stated in this case' is of no value ; and that the improvement canno. be used with advantage in any case, or with any clay, without first ascertaining by experiment the proportion to be employed. If that be the case, then the invention, is not patentable. Because, by the terms,of the act of Congress, the inventor is not entitled to a patent unless his description is so full, clear, and exact as to enable any one skilled in the art to compound and use it. And if, from the nature and character of the ingredients to be used, they are not susceptible of such exact description, che inventor is riot entitled to. a patent. But this does not appear to be the case on the face of this specifi- ' cation. And.whether the fact is so or not is a question to be decided
 
 *6
 
 by a jury, upon the evidence of persons skilled in the art to which the patent appertains. The Circuit Court therefore erred, in instructing the jury that the specification was too vague and uncertain to support the patent, — and its judgment must be reversed. '
 

 Order.
 

 This,cause came on to be heard on the transcript of the record from the Circuit Court of the United States for .the Southern District of New Fork, and was argued by<counsel. On consideration whereof, it is now here ordered and adjudged by.'this court, .that the judgment of the said Circuit Court in this cause be and the same is hereby reversed with costs, and that this cause bé and the same is hereby remanded to the said Circuit Court, with directions to award a
 
 veni/re facias de novo