*330
 
 Mlv Justice GRIER
 

 delivered the opinion of the court.
 

 The patent states that “ the exact quantity of fusel oil which is necessary to produce the most desirable compound' must be determined
 
 by
 
 experiment.”
 

 Now a'machine which consists-of a combination of devices is the .subject ofinveution, and its effects may.be calculated
 
 a priori,
 
 while a discovery of a new substance by means of chemical combinations of known materials is empirical and discovered by experiment. Where a patent is claimed for such a discovery, it should state the componént parts of the new manufacture claimed with clearness and precision, and not leave the person attempting to use the discovery to find it out “ by experiment.” The law requires the applicant for a patent-right to deliver a written description of the manuer'gnd process of making-and compounding his new-discovered compound. The art is new; and therefore persons cannot be presumed to be skilled in it, or to anticipate the result, of chemical combinations of elements not in daily use.
 

 The defendants used a burning-fluid composed of naphtha seventy-two and fusel oil twenty-eight parts; and.expert .chemists proved that seventy-two parts
 
 in bulk
 
 of naphtha was the
 
 substantial equivalent
 
 of twenty-eight parts of kerosene.
 

 This term “equivalent,” when speaking of machines, has a certain definite meaning; but when used with regard to the chemical action of such fluids as can be discovered only by experiment, it only means
 
 equally cyood,.
 
 But while the specification of the patent suggests the substitution of naphtha for crude petroleum, it prescribes no other proportion than that of equal parts by measure. The explanation that the “kerosene must be replaced by an
 
 equal quantity
 
 of naphtha” does not alter the case.
 

 The charge which the court gave is a clear and intelligi-' ble statement of the principles of law which should govern, the jury in making up their verdict. It said properly, that “ whether one compound of given proportions is substan-' tially the same as another compound varying- in the- pro
 
 *331
 
 .portions^ — whether .they are substantially, the same or substantially different — is a question .of fact and for the jury:”
 

 If the jury in finding for the defendants have erred, the remedy is not in this court.
 

 Judgment ahbtrMed.