**In re FRY.**

**Patent Appeal No. 2814.**

**Court of Customs and Patent Appeals.**
**Jan. 4, 1932.**

Rehearing Denied Feb. 1, 1932.

Hoguet & Neary, of New York City (Warren B. Hutchinson, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying all of the claims, 2 to 7, inclusive, in appellant's application for a patent for an alleged invention relating to an improvement in covers for back rests of seats.

Claims 2 and 3 may be taken as illustrative. They read:

"2. A cover for the back rest of a seat having a separate seat portion comprising a flexible cover, means for supporting the upper edge of the cover near the top of the back rest, and with its lower edge terminating between the lower part of the back rest and seat portion and a stiffening element held in the lower edge of the cover and disposed to lie between the back rest and the seat proper.

"3. A cover for the back rest of a seat having a separate seat portion comprising a flexible cover strip having means to support its upper part near the top of the back rest and having its lower edge terminating and disposed to lie freely between the back rest and the seat proper."

The references are: Witham, 1,295,662, Feb. 25, 1919; Brock, 1,303,019, May 6, 1919; Sikking, 1,326,216, Dec. 30, 1919; Dreher, 1,051,566, Jan. 28, 1913; Fry, 1,-653,501, Dec. 20, 1927; Fry, 1,681,179, Aug. 21, 1928.

It appears from appellant's application that the back rest covers consist of sheets of flexible material, the top and bottom portions of which are hemmed so as to form folds or "keepers" in which removable metal bars are placed. The top portion is secured to the back rest by suitable fastening means, while the bottom is permitted to lie freely between the lower edge of the back rest and the seat proper.

It is the contention of appellant that, prior to his alleged invention, back rest covers were fastened both at the top and at the bottom; that, when so fastened, due to wear, shrinkage, and other causes, the covers became wrinkled and their fastenings loosened; and that appellant overcame these difficulties by permitting the bottom edge of the cover to hang freely between the back rest and the seat proper.

It is contended by counsel for appellant that there is nothing in the references to show appellant's combination of old elements with a new element, a freely hanging lower edge. It is further contended that appellant's combination accomplishes a new and useful result, and is therefore patentable.

In his decision, the Primary Examiner, among other things, said:

"Witham shows, in Fig. 3, a cover, 11, for the back rest of a seat. It is brought over the back rest and down the rear side thereof. A casement is formed in this end of the cover for a bar, 5. The casement is cut away as shown in Fig. 4 for the cooperation of the snap fasteners, 15, with the hole, 16, and the bar, 5.

"In Fig. 18 is shown a method of holding the lower edge of the back rest cover in position. A casement is formed in the lower edge of the cover, and a bar, 38, inserted therein. The casement is cut away at "37" so that elastic strips, 30a, may be fastened to the bar, 38, by means of fasteners, 31a. The other end of these strips, 30a, are fastened to the body of the car at "32a." It should be noted that in Fig. 13 the back rest cover terminates *below* the level of the top surface of the seat, 33.

"Brock also shows a back rest cover which terminates below the level of the top surface of the seat, and he also discloses fastening means, 6 and 7, for securing the cover in position.

"Sikking is relied upon (in figs. 10 & 11) to show it old to use a rod in a casement to hold a fabric member in position by means of gravity alone. The edge of the seat cover 1 is hemmed to form a casement for the reception of a rod, 9, which weights the cover down as shown in Fig. 11 so that it will lie closely to the seat and hang straight.

"Dreher is merely relied upon to show it old to wedge a fold of a continuous seat and seat back cover between the seat and back and rely upon this frictional engagement to hold the seat cover in place.

"The Fry patents cited are relied upon to show that applicant has already obtained protection for the specific means disclosed for securing the top of the back rest cover.

"The claims were rejected on the showings in Figs. 3, 14 and 18 of Witham in view of Sikking and Fry (1,653,501). It was thought that to dispense with the strips, 30a, of Witham and rely upon the weight of the bar, 38, to hold the cover in place would clearly be taught by Sikking whose bar holds the cover (fig. 11) in place due to its weight. It was also thought that to substitute for the securing means disclosed by Witham in Figs. 3 and 4, the securing means disclosed by Fry, would be obvious to anyone. Moreover there is no cooperation between the specific means for securing the top of the cover and the specific means for securing the lower part of the cover.

"The claims were further rejected on Brock in view of Sikking. It was thought that to substitute for the fastening means, 6 and 7, disclosed in Fig. 7 of Brock, the casement, 8, and bar, 9, of Sikking, would not involve invention. It was also thought that to substitute for the fastening means for the top of the back rest cover of Brock, the fastening means disclosed by Fry, would not involve invention."

The Board of Appeals, although concurring in the views expressed by the Examiner, held that the "mere omission of the additional fastening means"—elastic strips—"of Witham, with their corresponding functions is devoid of invention."

The patent to Sikking, as stated by the Examiner, clearly shows that it is old to place a rod or stiffening element at the bottom edge of a *seat* cover and permit it to hang freely.

The patent to Witham discloses a rod or stiffening element at the lower edge of the back seat cover, the lower edge terminating between the lower part of the back rest and the seat proper. However, as argued by counsel for appellant, the lower edge of the cover is fastened by elastic strips.

The omission of an element and its function in a combination does not constitute invention, if the remaining elements perform the same functions as before. In re Herault A. Trester, 36 F.(2d) 133, 17 C. C. P. A. 642; Richards v. Chase Elevator Company, 159 U. S. 477, 16 S. Ct. 53, 40 L. Ed. 225; Carlton v. Bokee, 84 U. S. (17 Wall.) 463, 21 L. Ed. 517.

If the elastic strips were eliminated from the Witham disclosure, the appealed claims would read directly thereon.

We quote from the specification in the Witham patent:

"The novel protector of the present invention comprises strips of linen or other appropriate material which can be readily laundried [laundered], or which can be readily removed and replaced by fresh strips. It comprises furthermore means carried by the top or back of the seat for holding one end of the strip, and means carried by, or arranged near the seat of the car, for detachably holding the other end of the strip. The strip in turn is provided with means permitting attachment and holding both at its upper end at the top of the car back, and at its lower end at the seat of the car. * * *

"Fig. 18 shows a modified arrangement of the lower end of one of the strips, the rod 38 being passed through a loop in the strip and the elastic or other members 30a being secured at their lower end 32a to the car and at their upper end at 31a to the rod 38. The strip 29 is shown as cut away to permit access to the rod intermediate its ends.

"It will be noted that the invention is characterized by the provision of a protective strip which is secured at its upper and lower ends to the automobile back, and, where this strip extends also over the seat cushion, to the automobile at the front of this cushion. It will also be noted that means is provided on the automobile for holding this strip detachably in place at both its upper and lower ends. The strips are nevertheless readily removable, while they are firmly held in place when in use. *It is desirable, though not in all cases essential, that the strips should be drawn taut and held taut by yieldable fasteners at their lower ends. The strips will,*

however, *naturally tend to adhere to the up-holstery over which they are stretched and to accommodate themselves to the changes in the contour of the cushion caused by the car occupants.*" (Italics ours.)

If the elastic strips disclosed in the Witham patent were sufficiently elastic, they would permit the cover to accommodate itself to varying strains and distortions. Accordingly, by omitting them, appellant has done nothing more than to omit the strips and their functions, which, experience has shown, are superfluous and immaterial. Such a simplification of the Witham device and the convenience which may result therefrom do not give to the remaining parts of the combination any new or different functions.

Accordingly, although appellant has produced a different combination, in our opinion, it is not a patentable one within the principles heretofore announced.

For the reasons stated, the decision is affirmed.

Affirmed.