## FRUIT TREATING CORPORATION et al. v. FOOD MACHINERY CORPORATION.

### No. 9459.

Circuit Court of Appeals, Fifth Circuit.

May 27, 1940.

John B. Sutton, G. L. Reeves, P. O. Knight, and C. F. Thompson, all of Tampa, Fla., and Albert M. Austin and Furman Rinehart, both of New York City, for appellants.

Leonard S. Lyon, of Los Angeles, Cal., O. K. Reaves and Morris E. White, both of Tampa, Fla., and Ed. R. Walton, Jr., of Washington, D. C., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellee, as assignee of Harvey Patent No. 1,909,860, secured an injunction, and an accounting for damages resulting from infringement, against the several appellants. Appealing therefrom, appellants contend that the bill of complaint should have been dismissed because (1) the patent is not valid, and (2), if the patent is valid, there has been no infringement of it by appellants.

The patent was granted on May 16, 1933. It claimed a method of treatment of citrus fruit which would enhance the varietal color thereof by means of an artificial dye. The process was devised particularly to increase the marketability of pale oranges without injury to them. The three claims of the patent which are alleged to have been infringed are set out below.[1]

The invention consists of a mixture of "any dye * * * capable of going into solution or being carried by the solvent" with a non-aqueous solvent capable of impregnating the peel of the fruit. After naming several varieties of useful solvents, the patent specifies that any liquid capable of exerting a solvent action may be used. The proportions of the ingredients vary in ratios of from one to over fifty per centum by weight of dye. For the purpose of facilitating the uniform distribution of the color-imparting agent to the surface of the fruit, the patent recommends the emulsion of the dye mixture in some aqueous solution, and designates several emulsifying agents (including soaps) that produce satisfactory results. Appellants, who are engaged in varied phases of producing or marketing oranges, colored their fruit by the use of a collodial solution of dye in aqueous sulphated soap. The ingredients were turkey red oil, yellow oil-soluble dye, 99% water, and caustic soda.

The record contains abundant evidence relating to the questions of whether the invention was anticipated in the prior art and hence not subject to patent, and whether the coloring process used by appellants infringed the patent. The prior-art attack appears meritorious, and we are also of the

---

[1] (1) A process of enhancing the natural color of the skin or peel of fresh citrus fruit comprising contacting whole citrus fruit with a dye-containing liquid having such penetrant properties for the oily or waxy constituents of the skin or peel of the fruit as to impregnate the latter with said dye to impart a uniform added color thereto.

(3) A process of enhancing the varietal color of the skin or peel of fresh citrus fruit consisting in impregnating the skin of the whole fruit with a suitable coloring medium applied to the fruit by an emulsion of water and a solvent for the oily and waxy constituents of the skin.

(4) A process of enhancing the varietal color of the skin or peel of fresh citrus fruit consisting in impregnating the skin of the whole fruit with a suitable coloring medium applied to the skin by a liquid containing a solvent for the oily and waxy constituents of the skin.

opinion that there was no infringement; but we prefer to rest our decision upon other grounds which render further discussion of these questions unnecessary.

When a patent is claimed for discovery, the law requires the patentee to state its component parts with clearness and precision, and to give a practical statement of its ingredients. When this burden is not met, or is met only vaguely and ambiguously, and it is apparent on the face of the specifications that no one could use the invention without first ascertaining by experiment the exact proportions of the different ingredients required to produce the result desired, it is the duty of the court to declare the patent void.[2] In this case, the temperature variations, the shade or concentration of color desired, and the wide choice of ingredients, with their different powers and qualities, require a formula changing according to conditions. It is hardly conceivable that anyone, however skilled in the art, could obtain satisfactory results when dyeing oranges by the process patented without repeated experiments. Moreover, if from the nature and character of the ingredients to be used, they are not susceptible of such exact description, the inventor is not entitled to a patent. Wood v. Underhill, 5 How. 1, 12 L.Ed. 23.

The patentee, obviously in an effort to make his claims and specifications so all-inclusive that any process for the dyeing of oranges that might be devised would necessarily infringe his patent, not only has made them too broad to be included in the scope of the monopoly given by the patent laws,[3] but he has failed sufficiently to particularize a definite formula or process, complete with ingredients and the proportions of their mixture, which is essential to a valid patent.[4] Since each of the three claims in question depends for its validity upon the sufficiency of the disclosures of the patent, the defect mentioned

is the spoliation of all, and the bill of complaint should have been dismissed.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[2] The Incandescent Lamp Patent, Consolidated Electric Light Co. v. McKeesport Light Co., 159 U.S. 465, 16 S.Ct. 75, 40 L.Ed. 221; Wood v. Underhill. 5 How. 1, 12 L.Ed. 23; Tyler v. Boston, 7 Wall. 327, 19 L.Ed. 93; Eibel Process Co. v. Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523; Zenitherm Co. v. Art Marble Co. of America, D.C., 45 F.2d 208; Id., 5 Cir., 56 F.2d 39; 35 U.S.C.A. §§ 33, 35.

[3] "We think it proper to reiterate our disapprobation of these ingenious attempts to expand a simple invention into an all-embracing claim, calculated by its wide generalizations and ambiguous language to discourage further invention in the same department of industry and to cover antecedent inventions." Carlton v. Bokee, 17 Wall. 463, 469, 471, 21 L.Ed. 517. Cf. O'Reilly v. Morse, 15 How. 62, 119, 14 L.Ed. 601.

[4] Permutit Co. v. Graver Corp., 284 U.S. 52, 52 S.Ct. 53, 76 L.Ed. 163; Zenitherm Co. v. Art Marble Co. of America, 5 Cir., 56 F.2d 39.