**EASTMAN KODAK CO. v. McAULEY et al.**

District Court, S. D. New York.

April 1, 1941.

See, also, 41 F.Supp. 873.

Pennie, Davis, Marvin & Edmonds, of New York City (George A. Gillette, Jr., of Rochester, N. Y., of counsel), for plaintiff.

Harry Price, of New York City, for defendants.

LEIBELL, District Judge.

Defendants have moved pursuant to Rule 14(a), F.R.C.P., 28 U.S.C.A. following section 723c, for leave to serve a summons and a third party complaint upon Bell & Howell Company, an Illinois corporation alleged to have a place of business within this district.

The plaintiff has moved under Rule 12 (e) (f) for a bill of particulars and for an order striking certain matter from the third party complaint as redundant, immaterial and impertinent. This motion involves several subdivisions which will be hereinafter discussed.

Plaintiff's amended complaint is predicated upon alleged infringements by defendants of United States Patents in the manufacture and sale of certain film reels. Defendants' third party complaint alleges that the plaintiff and the third party defendant "have pooled their patents contrary to law and are using and have conspired to use these patents in such a manner as to give themselves an absolute monopoly in interstate commerce in such reels even though they have no valid basis patents covering the same" to the damage of defendants.

With respect to defendants' motion for leave to serve the cross-complaint upon the third party defendant, plaintiff contends that such procedure is not proper under Rule 14(a) on the ground that Bell & Howell Company is not liable on account of any express or implied relationship either to the plaintiff or to the defendants for all or any of plaintiff's claims for patent infringement against the defendants.

The third party complaint alleges a conspiracy on the part of plaintiff and third party defendant, in violation of the Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq., to injure the defendants. Defendants allege further that plaintiff is acting in behalf of the third party defendant. Consequently it is permissible for defendants to bring in the third party defendant in order that "circuity of action may be avoided, and that disputed jural relationships 'growing out of the same matter' be resolved in one action." Balcoff v. Teagarden et al., D.C., 36 F.Supp. 224, 225; Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, D.C., 25 F.Supp. 1021. Defendants' motion for leave to serve this third party complaint is granted. [Compare Rule 13(b) and (h), F.R.C.P.]

Plaintiff has moved for a bill of particulars of certain allegations in the third party complaint and in view of defendants' consent thereto said motion is granted.

Plaintiff also moves to strike certain allegations from the third party complaint as impertinent, immaterial and irrelevant and the various phases of this motion will next be considered seriatim.

Paragraphs 5, 17(c) and 17(h) of the third party complaint are attacked by plaintiff as immaterial, improper and sham, and also those parts of the prayer for relief numbered III and IV. Defendants allege the granting to them of United States patent No. 2,226,825 and state such patent grants to them the exclusive license to make use and sell the film reels shown in the patent. In paragraph 5 of the third party complaint defendants seek an adjudication of their rights under said patent by a declaratory judgment. The court cannot say that those allegations are impertinent or sham. The plaintiff is suing herein for an infringement by defendants of plaintiff's patent. In this circuit the issuance of a patent to a defendant raises a presumption that the procedure or construction following the patent issued to a defendant does not infringe the patent of another. Catalin Corp. of America v. Catalazuli Mfg. Co., 2 Cir., 79 F.2d 593; Reis v. Rosenfeld, 2 Cir., 204 F. 282; Knowles v. 138 West Forty Second Street Corp., 2 Cir., 43 F.2d 929, 930.

In addition it is proper for defendants to seek an adjudication by declaratory judgment that they are not infringing plaintiff's patent and the extent of their rights under their own patent. Hann v. Venetian Blind Corp., D.C., 15 F.Supp. 372; E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88. Upon motion to strike, the facts as pleaded must be deemed true. Stadium Mfg. Co. v. Plymouth Pajama Co., D.C., 24 F.Supp. 779, 781. The advisability of granting a declaratory judgment is within the sound judicial discretion of the court. I am of the opinion that defendants' request for a declaratory judgment should not be stricken at this time. Better procedure requires that the necessity for a declaratory judgment be left to the trial court. New York Life Ins. Co. v. London, D.C., 15 F.Supp. 586, 590; Lumber-

men's Mutual Casualty Co. v. McIver, D.C., 27 F.Supp. 702.

■ Plaintiff seeks to strike certain alleged erroneous conclusions of law pleaded in paragraphs 5, 17(c) and 17(h) of the third party complaint. From a reading of these paragraphs it is apparent that the matter pleaded has a direct relation to the controversy herein. Inasmuch as the presence of these allegations cannot be said to unduly prejudice the plaintiff the motion to strike them will be denied. Kraus v. General Motors Corp., D.C., 27 F.Supp. 537; Huber v. Pillsbury Flour Mills Co., D.C., 30 F.Supp. 108.

■ Plaintiff also seeks to strike paragraphs 13, 14, 17(g) and the last four lines of paragraph 18 and exhibits F, G, H and I of the third party complaint on the ground that these allegations are impertinent, immaterial and irrelevant. These allegations set up defenses of laches and estoppel which are properly pleaded as such under the new Rules of Civil Procedure, Rule 8(c). Clearly these defenses cannot be stricken as sham or immaterial.

■ However, the basis for plaintiff's motion is actually that these defenses are predicated upon violation of plaintiff's patents by third parties and may not be availed of by defendants. This question of sufficiency in law should be attacked by a motion to dismiss for insufficiency rather than by motion to strike as impertinent or immaterial allegations. United States v. Edward Fay & Son, D.C., 31 F.Supp. 413. I will deny the motion to strike these allegations without prejudice to a motion to dismiss the defense for insufficiency in law.

■ Plaintiff also moves to strike out defendants' demand for a jury trial of the issues involved (Par. 17 of the third party complaint) contending that defendants' request for equitable remedies precludes the defendants from obtaining a trial by jury as of right. Williams v. Collier, D.C., 32 F.Supp. 321. But in defendants' prayer for relief there is no request for equitable relief. Defendants merely seek an adjudication of certain rights and money damages for any violation thereof. The fact that a declaration of rights is sought does not bar the defendants from a jury trial of the issues raised if these issues were formerly triable by a jury. The Declaratory Judgment Act, 28 U.S.C.A. § 400 (3), provides as follows: "When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not. (Mar. 3, 1911, c. 231, § 274d, as added June 14, 1934, c. 512, 48 Stat. 955; as amended Aug. 30, 1935, c. 829, § 405, 49 Stat. 1027.)" See United States Fidelity & Guaranty Co. v. Nauer, D.C., 1 F.R.D. 547; Aetna Casualty & Surety Co. v. Quarles et al., 4 Cir., 92 F. 2d 321.

■ Defendants are entitled to a jury trial upon the issue of infringement inasmuch as no equitable relief is sought. Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37; United States v. Esnault-Pelterie, 299 U.S. 201, 57 S.Ct. 159, 81 L. Ed. 123; Heide v. Panoulias, 2 Cir., 188 F. 914, certiorari denied 223 U.S. 722, 32 S.Ct. 524, 56 L.Ed. 630; Trustees of Masonic Hall & Asylum Fund v. Fountain Electrical, etc., Corp., 2 Cir., 218 F. 642.

■ Defendants are likewise entitled to a jury trial in an action at law for violation of Clayton and Sherman Anti-Trust statutes and upon the issue of unfair competition, where they are suing for money damages only.

■ A question of similarities or differences in patents may properly be submitted to a jury. Tyler v. Boston, 7 Wall. 327, 74 U.S. 327, 9 L.Ed. 93.

Accordingly the motion to strike the jury demand is denied.

Settle orders on notice in accordance with this opinion.