Gene A. BREAUX,

v.

**PIPEFITTERS LOCAL UNION 195 and Plumbers and Pipefitters National Pension Fund.**

No. 1:91–CV–903.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 27, 1992.

Bruce N. Smith, Law Offices of Bruce N. Smith, Beaumont, Tex., for Gene A. Breaux.

John R. Harney, John Leary, John L. Bohman, O'Donoghue & O'Donoghue, Washington, D.C., Stephen E. Price, Freedman, Hull, Mathews, Hanlon & Price, Houston, Tex., for Pipefitters Nat. Pension Fund.

James A. Morris, Jr., Thomas A. Thomas, Provost & Umphrey, Beaumont, Tex., for United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitters Industry of the U.S. and Canada, AFL–CIO, Pipefitters Local Union No 195.

## MEMORANDUM ORDER

COBB, District Judge.

Gene A. Breaux, plaintiff, filed suit in Jefferson County, Texas District Court, against defendants Pipefitters Local Union 195 (Local 195) and Plumbers and Pipefitters National Pension Fund (National Pension Fund) to recover pension benefits and for breach of fiduciary duty. The defendants removed the case to federal district court under Section 502(e)(1) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(e)(1). Both defendants now move for summary judgment. For the reasons given below, both motions are granted.

In November 1987, the plaintiff, a member of Local 195, applied for and received pension benefits from the union for twenty-one years of service. In December 1989, the Trustees of Local 195 Pension Fund suspended his payments for credits received for the years 1986 and 1987 pending investigation. They subsequently found that Breaux had been paid in error for those years. On August 1, 1990, Local 195 Pension Fund merged with National Pension Fund; consequently, the plaintiff appealed Local 195's decision to National's Board of Trustees. The Board denied his appeal in May 1991.

Breaux had been seriously injured on March 22, 1983, and was eventually found to be permanently disabled in July 1989 by the Appeals Council of the Social Security Administration, which granted him disability payments retroactive to August 1986, in relevant part holding that "there is no indication that the claimant has engaged in substantial gainful activity since March 22, 1983, notwithstanding his brief work attempts in 1985 and 1986 as a picket scheduler for his former union." Breaux had been a member of the union's Strike Fund Committee since his accident in 1983 and was elected chairman in 1986, in both instances without salary. The Committee had voted in February and again in April 1986 to make pension contributions to the Local 195 Pension Fund Plan on Breaux's behalf for hours of work done.

In denying his appeal of the Local 195 Pension Fund decision to rescind pension benefits for the years 1986 and 1987, the National Pension Fund Board of Trustees found that there had been no valid agreement between the plaintiff and the Strike Fund Committee concerning pension contributions; and that, in any event, the plaintiff was not employed under the terms of the plan for the years in question. The Board found it significant that the plaintiff was receiving permanent disability payments during the time he claimed to be in the union's employment.

■ Two preliminary issues must be dealt with at the start. First, plaintiff's state-law claims in his original complaint (in contract, in tort, and for fraudulent misrepresentation) are preempted by ERISA § 514(a), 29 U.S.C. § 1144(a). *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Smith v. Dunham–Bush, Inc.*, 959 F.2d 6 (2d Cir.1992); *Brock v. Premedica*, 904 F.2d 295 (5th Cir.1990); *Memorial Hospital System v. Northbrook Life Insurance*, 904 F.2d 236 (5th Cir.1990); *Lee v. E.I. DuPont de Nemours*, 894 F.2d 755 (5th Cir.1990); *Cefalu v. B.F. Goodrich*, 871 F.2d 1290 (5th Cir.1989). Breaux's suit un-

der ERISA is to recover benefits from National Pension Fund, 29 U.S.C. §§ 1132(a)(1)(B), 1132(d), and for fiduciary breach of Local 195, 29 U.S.C. §§ 1105(a), 1109(a).

Second, this Court must reject the plaintiff's invitation to fashion federal common law and allow promissory estoppel as a cause of action under ERISA. *Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir.1980) ("claims of promissory estoppel are not cognizable in suits seeking to enforce rights to pension benefits" under ERISA). Breaux's suit must stand or fall on the Act alone.

Both defendants have moved for summary judgment. A party is entitled to summary judgment only if it meets "the exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Landry v. Air Line Pilots Association International AFL–CIO*, 901 F.2d 404, 424 (5th Cir.1990) (citing *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir. Unit B 1982)). The court must view the evidence and all factual inferences in the light most favorable to the opposing party, resolving all reasonable doubts in its favor. If any factual issues exist, or if reasonable minds might differ on the inferences arising from undisputed facts, the motion for summary judgment must be denied. However, once the movant has made and supported its motion, the adverse party may not rest upon "mere allegations or denials" but must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In considering this motion for summary judgment as to Local 195, the Court must determine whether there exists an issue of material fact as to the union's fiduciary status under ERISA.[1] It is not enough to argue, as plaintiff has done, that the union is a fiduciary of the Pension Fund because it elected three of its members to the six-member Board of Trustees. He must also show that the three union members exercised discretionary authority over the management or the assets of the Pension Fund. *American Federation of Unions v. Equitable Life Assur. Soc.*, 841 F.2d 658, 662 (5th Cir.1988) ("A person is a fiduciary only with respect to those portions of a plan over which he exercises discretionary authority or control"); *Independent Assoc. of Publishers' Employees, Inc., v. Dow Jones & Co.*, 671 F.Supp. 1365 (S.D.N.Y.1987); *Richardson v. U.S. News & World Report*, 623 F.Supp. 350 (D.C.D.C. 1985). He must then show that the union influenced the decision-making process. *Warren v. Oil, Chemical and Atomic Workers, Union—Industry Pension Fund*, 729 F.Supp. 563 (E.D.Mich.1989) (employees on committee reviewing pension benefit claims do not make employer a "fiduciary" absent employer input). *See, Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1325 (9th Cir.1985) (mere appointment of plan administrator not enough to make employer a "fiduciary"); *Eureka Paper v. WBMA, Inc.*, 767 F.Supp. 642, 651 (M.D.Pa.1991) (union members must control a plan's board by constituting a majority on it for union to be a "fiduciary" under ERISA). Absent such a showing, the defendant union cannot be sued under ERISA.[2]

1. "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." ERISA, § 502(d)(1), 29 U.S.C. § 1002(21)(A).

2. Plaintiff mistakenly relies on *Licensed Division District No. 1 MEBA/NMU, AFL–CIO v. De-fries*, 943 F.2d 474 (4th Cir.1991) for the proposition that union representation on a plan's board of trustees is enough in and of itself to confer fiduciary status on the union. In that case, a union which appointed one half of a plan's trustees was held to be a fiduciary of the plan under ERISA, but *only* for the purpose of challenging "any act or practice which pertains to the appointing or replacing of trustees," because it was only in those appointments that the union exercised discretionary authority. *Id.* at 478. *Defries* is inapposite on the facts before us.

The union members on the Board of Trustees in the years 1986 and 1987 have testified that they exercised no authority over the management or assets of the Pension Fund. Breaux does not contest this. His only response is to shift the ground of attack by pointing to the depositions of Strike Fund Committee members who received advice from a union lawyer and union officials on the legality of taking money out of the Strike Fund to make pension contributions for the plaintiff. However, such advice clearly goes to the Committee's authority over the assets of the Strike Fund, not Local 195's authority over the assets of the Pension Fund. *See Useden v. Acker*, 721 F.Supp. 1233 (S.D.Fla.1989) (attorney rendering legal advice to plan not "fiduciary" of plan).

Plaintiff further alleges personal animus on the part of the Boardmember who initiated the review of the Strike Fund's pension payments and argues that, if the union is a non-fiduciary, ERISA still imposes liability insofar as the union abetted a fiduciary in his breach of duty. However, while "a nonfiduciary who *knowingly participated* in a breach of trust" may be liable under ERISA to the same extent as fiduciaries, *Whitfield v. Lindemann*, 853 F.2d 1298, 1303 (5th Cir.1988) (emphasis added), the plaintiff offers no evidence of, and does not even allege, knowing participation on the part of the union in the Boardmember's alleged breach.[3]

As there is nothing before the Court showing the fiduciary status of Local 195, Local 195 cannot be made a party to this suit under ERISA.

In considering this motion for summary judgment as to National Pension Fund, the Court must review the decision of its Board of Trustees to uphold Local No. 195 Pension Trust Fund's cancellation of plaintiff's credit for the years 1986 and 1987 under the abuse of discretion standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The plaintiff argues for *de novo* review; however, under *Firestone*, the abuse of discretion standard applies when the terms of a pension plan require deference to the acts of the plan administrator. In this instance, the unambiguous provisions of the National Pension Fund's Plan of Benefits grant discretionary authority to the Board of Trustees. The Board may interpret and apply the Plan, construe its language and meaning, and issue final and binding decisions. Sections 9.03, 9.04(b). *See, Lowry v. Bankers Life and Casualty Retirement Plan*, 871 F.2d 522 (5th Cir.1989).

The Trustees found that Breaux probably did not have a valid agreement with the union but that, even if he did, he had failed to establish that he was an employee of Local 195 in 1986 and 1987, and consequently did not qualify under the union's pension plan for those years. They based their decision on the fact that union records did not list Gene Breaux as an employee, Strike Fund members were not paid wages or salaries by the union, his claim of employment was inconsistent with his disability status with Social Security, and he failed to provide Social Security Earnings Data for review.[4]

Given the evidence before the Board and the standard of review dictated by *Firestone*, there is no showing of an abuse of discretion on the Board's part in reaching its decision denying the plaintiff's appeal. The language of the plan is unambiguous. To receive benefits, a claimant must be engaged in "covered employment"; in this case, employment by the union. Sections

---

**3.** Breaux also argues general federal jurisdiction to sue non-enumerated parties in a "claim central to ERISA," citing *Provident Life and Accident Ins. Co. v. Waller*, 906 F.2d 985 (4th Cir. 1990), another inapposite case concerning a district court's ability to cure the pleading defect of an otherwise valid party under ERISA. The concept of "implied statutory standing" was resoundingly rejected by the Fifth Circuit in *Herman Hospital v. MEBA Medical and Benefits Plan*, 845 F.2d 1286, 1289 (5th Cir.1988). *See, Franchise Tax Board v. Construction Laborers Vacation Trust*, 46 U.S. 1, 21, 12 L.Ed. 23 (1983).

**4.** While not before the Board, subsequently obtained evidence of the plaintiff's Social Security Earnings Data and federal tax returns before this Court supports their decision.

7, 8(b). Assuming as we are required to do in summary judgment that the plaintiff is correct in his contention on appeal that the phrase "bona fide Employee" in Section 7(b) is ambiguous, a favorable interpretation would still require a showing that he was in "covered employment" for the years in question, and the uncontested evidence is that he was not.[5]

Finally, as there is no evidence showing a lack of good faith on the part of the Board, the Court cannot say that the Board's decision to deny the plaintiff's appeal was arbitrary or capricious.

ACCORDINGLY, for the reasons set out above, Local 195's motion for summary judgment is GRANTED; and National Pension Fund's motion for summary judgement is GRANTED.

5. Because Breaux was not covered under the terms of the plan and so cannot receive credit for 1986 and 1987, it is immaterial whether he did in fact have a written agreement with the Strike Fund Committee as required by 29 U.S.C. §§ 186(c)(5)(B), 1102(a)(1). Consequently, we do not reach that issue here.