Edmund T. BIGGS, Plaintiff,

v.

JOHN DEERE COMPANY, Deere & Company, and Local 281 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Defendants.

No. 3–03–CV–80046CRW–TJS.

United States District Court, S.D. Iowa, Davenport Division.

Feb. 28, 2005.

Order Denying Reconsideration April 15, 2005.

Edmund T. Biggs, Davenport, IA, Pro se.

Richard M. Batcher, Bozeman Neighbor Patton & Noe, Moline, IL, for Defendants—John Deere.

Michael J. Coyle, Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, IA, for Defendants—UAW Local 281.

### Order Granting Summary Judgment for Defendants

WOLLE, District Judge.

Edmund T. Biggs, *pro se*, seeks to have a jury trial on his claims that his former employer Deere & Co. (Deere) and the Union representing him, Local 281 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the Union) violated his rights under Deere's Employee Benefit Plans, the Union's Collective Bargaining Agreements, and Iowa Workers' Compensation Laws. The defendants, Deere and the Union, seek summary judgment on several joint and separate grounds.

The court has carefully reviewed the extensive affidavits and other documents in this summary judgment record, making sure that Biggs is not disadvantaged because he has no lawyer in this case, the lawyer who initially filed this lawsuit having withdrawn. It is noteworthy, however, that Biggs had counsel throughout earlier litigation in this court concerning Biggs' workers' compensation claims, disability compensation claims, and employment status. Defendants offer as a defense the Settlement Agreement, entered into by Deere and its counsel with Biggs and his attorney Thomas H. Preacher on March 15, 1991. In that Settlement Agreement, Biggs received and retained workers' compensation benefits as well as disability retirement benefits from April 1, 1991 to June 30, 2002, followed by disability retirement benefits of $500.40 per month until his age 65, then normal retirement benefits. *See* The Exhibit A Settlement Agreement, later explained in the Deere letter to Biggs dated 6–6–02, attached to the Glenn Huston affidavit of 12–20–04, fully explained in the defendants' Statement of Undisputed Facts filed with these Motions for Summary Judgment.

Biggs resists summary judgment by asserting he is entitled to "proper benefits" after he sustained injury in December of 1987. The court regrets that Biggs' lengthy handwritten resistances and attachments suggest he does not understand the Settlement Agreement nor the manner Deere calculated what he has been owed since 1991. But Biggs has not included in this extensive summary judgment record any specific factual evidence, documentary or by affidavit, that he may disavow the Settlement Agreement, or evidence that Deere has underpaid him since the Settlement Agreement was achieved. Biggs did have assistance of counsel back in 1991 in presenting his claims that were settled but presents no affidavits from that attorney.

The court grants defendants' motion for summary judgment, and this case is dismissed at plaintiff's costs.

Summary judgment is appropriate only when a party has demonstrated that it is entitled to judgment as a matter of law, with no genuine issues of material fact remaining for trial. Fed.R.Civ.P. 56. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To survive a motion for summary judgment the resisting party, here Biggs, must substantiate his allegations with probative evidence that would permit findings and judgment in his favor "based on more than mere speculation, conjecture, or fantasy." *Wilson v. Intern'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995), quoted in *Putman v. Unity Health Sys.,* 348 F.3d 732, 734 (8th Cir.2003). Biggs has not done so. He has not overcome the defendants' unequivocal showing that he has been paid fully the benefits he claims Deere owes him.

I. Although the court has addressed and here denies Biggs' claims against the Union on their merits, the court may well have no jurisdiction even to decide them. His claimed basis for jurisdiction, 29 U.S.C. section 1132, concerns lawsuits against persons responsible for employee benefit plans. Biggs has not shown the Union was managing or administering any plans under which Biggs now claims more benefits. *See Breaux v. Pipefitters Local Union 195,* 807 F.Supp. 42 (E.D.Texas 1992).

■ II. Biggs alleges that Deere and the Union breached fiduciary duties to him and, indeed, fraudulently failed to inform him about and pay him benefits he was owed. Deere was Biggs' employer, not a fiduciary. *See Johnston v. Paul Revere Life Ins. Co.,* 241 F.3d 623, 632 (8th Cir.2001). Moreover, Biggs has not shown that Deere or the Union failed to inform him of specific unpaid benefits, or that Deere or the Union fraudulently misrepresented what benefits were due him. The fiduciary duties ERISA requires of employers and labor unions are plan-specific. *See Beach v. Commonwealth Edison Co.,* 382 F.3d 656, 658 (7th Cir.2004); *Diak v. Dwyer, Costello & Knox, P.C.,* 33 F.3d 809, 811 (7th Cir.1994). Biggs fails to show that any ERISA-governed benefit plan was misrepresented by either defendant, or that any benefits were wrongfully withheld.

The clerk of court shall enter summary judgment in favor of defendants and against plaintiff, dismissing this case at plaintiff's costs.

III. In summary, Biggs was employed by Deere from March 8, 1978 until he was fired on June 13, 1990. He hired attorney Preacher, then filed two lawsuits in this court in 1991, as well as complaints with the U.S. Department of Labor and discrimination complaints with the EEOC, and the Iowa Civil Rights Commission. These lawsuits and claims were all settled on March 15, 1991, and Biggs has been fully paid the amounts called for in that Settlement Agreement. All claims Biggs now makes here are filed too late, for he never disavowed the Settlement Agreement and it is now too late to revisit those claims.

IV. Although defendants suggest many of Biggs' claims are filed too late, the court passes the limitations defenses because the claims are substantially without merit.

IT IS SO ORDERED.

Order On Motion for Reconsideration

Plaintiff Edmund T. Biggs, pro se, filed on March 16, 2005, a multi-page motion for reconsideration, asking this court to reconsider and set aside its grant of the defendants' motion for summary judgment.

Upon review of the entire motion and attachments, and the defendants' resistance, the court denies the motion for reconsideration for the reasons set forth in its order of February 28, 2005.

IT IS SO ORDERED.