**UNITED STATES v. EDWARD FAY & SON et al.**
**No. 190.**

District Court, E. D. Pennsylvania.
April 25, 1939.

James F. Masterson, of Philadelphia, Pa., for plaintiff.

J. George Lipsius, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

Leave was given to submit additional briefs, which have now been submitted.

■ The action was brought after the new Rules of Civil Procedure went into effect, 28 U.S.C.A. following section 723c. The action is upon the bond given by a general contractor, as required by the Act of Congress, 40 U.S.C.A. § 270a et seq., when there is a construction contract with the United States. The condition of the bond is to secure to all who do work or supply material toward the construction, payment of what is due them. There is a denial that anything is due to the plaintiff. This makes of the action one by the plaintiff against Fay & Son for work done and goods sold and delivered.

The defense is that the work was done and material delivered under and was included in and covered by the written contract of the parties, the agreed price of which had been received by the plaintiff. The real question as sought to be presented by the defendant, is whether this written contract may be varied.

By Paragraph 11 of the Statement of Claim the action is brought for labor due and materials supplied, in addition to the labor and materials called for by the contract. Following paragraphs set forth the particulars and value of the additional labor performed and materials supplied. A copy of the contract is attached to the Statement of Claim.

The defendant entered three motions. One for a bill of particulars under Rule 12(e); the second a motion to strike the paragraphs making claim for work done and materials supplied "because they are inconsistent with and in direct contravention of Article XIII" of the contract, and to strike Paragraph 18 because inconsistent with Article XI, and the third is a motion for a more specific statement. Rule 12(b) provides that all defenses "in law or fact" shall be presented in and by the pleadings except that named defenses may be presented by motion. Among them is "(6) failure to state a claim upon which relief can be granted". Rule 12(e) allows a further motion for a more definite statement or a bill of particulars. Rule 12(f) allows a motion to strike "redundant, immaterial, impertinent, or scandalous" matter. Rule 12(g) allows the consolidation of motions.

■ The motions for a more definite statement and for a bill of particulars are denied.

■ The claim of the plaintiff may or may not be well founded and capable of proof. It is however definite and full. The motion to strike is not the motion contemplated by Rule 12(f) and is denied. The appropriate motion is that of Rule 12(b) (6). We will treat the motion to strike as such. The Pennsylvania Practice Act of 1915, 12 P.S.Pa. § 382 et seq., required such a motion to take the form of a statutory demurrer. The question of law raised could be determined, if the Court deemed it to be fully presented. Some question is raised whether the question of law presented is a question of substantive law or of evidence. It really is a question which arises out of a fact situation. There can be no question of law without this. The question as formulated by the defendant is whether a contract in writing, which fully covers its subject matter, is binding upon the parties to it or can be departed from or modified by oral testimony. The law has its policies which may be enforced by law. The policy invoked is the observance of the binding obligation of contracts, and if reduced to writing to discourage, if not forbid, any

departure from them. The policy is firmly established. There is however nothing in it which forbids the parties to one contract to make another, either in writing or oral, although the policy may be to deny all binding force in contracts unless reduced to writing. Statutes of Frauds illustrate this. The question raised cannot be fully or adequately presented otherwise than as a trial question. So viewing it, the motion which seeks to raise it in advance of trial is denied.

All the motions made are denied, with leave to defendant to present its defense by an appropriate pleading, within fifteen days, or such further time as may be allowed by the Court on application.