## MARCUS et al. v. HINCK.

District Court, S. D. New York.
Aug. 16, 1939.

946

Begun Brothers, of New York City, for plaintiffs.

Hunt, Hill & Betts, of New York City (George Yamaoka and Allen Gordon Miller, both of New York City, of counsel), for defendant.

CONGER, District Judge.

The plaintiffs have moved, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to hear, determine and make an order striking out the first defense herein.

The said first defense in the answer is as follows: "The complaint fails to state a claim against the defendant upon which relief can be granted."

This brings up for consideration the question of whether or not the complaint, on its face, sets forth a cause of action. I am satisfied it does.

There are two causes of action; one based upon breach of warranty of authority, the second upon fraud and deceit.

■ I am satisfied that as to the first cause of action there is a cause of action set forth. Moore v. Maddock, 251 N.Y. 420, 167 N.E. 572, 64 A.L.R. 1189, and the Court stated, 251 N.Y. at page 425, 167 N.E. at page 573, 64 A.L.R. 1189, as follows: "If the defendant attempted to make a contract on behalf of the corporation without authority, then, according to a long line of judicial decisions, it is but just that the loss occasioned by there being no contract with the principal should be borne by the agent who acted without authority."

■ I uphold the second cause of action upon the authority of White v. Madison, 26 N.Y. 117, which is also authority for the sustaining of the first cause of action herein. The Court said, 26 N.Y., at page 124: "An action upon such warranty must always be appropriate where personal liability attaches to an agent, in consequence of his contracting without authority. * * * If the act of the agent were fraudulent, an action for the deceit would lie, but it would be a concurrent remedy with an action on the warranty, and so I apprehend must be the action on the contract itself, * * * *."

The plaintiffs also move for an order striking out the second defense in the answer on the ground that it fails to state a legal defense to the claims made in the complaint. I am satisfied that the plaintiffs are correct in their contention.

The plaintiffs allege that this defendant and one T. Miyauchi, acting together, made certain representations and were joint tort feasors.

There was a release dated May 18, 1939, which, among other things, contained the following:

"remise, release and forever discharge the said C. Itoh & Co., Ltd. and T. Miyauchi their heirs, executors and administrators, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or in equity, which against C. Itoh & Co., Ltd. and T. Miyauchi I and Louis Marcus, as co-partners, trading as L. & D. Marcus ever had, now have or which our heirs, executors or administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

"It is distinctly understood that the firm of L. & D. Marcus does not intend and by these presents does not release one, Otto H. Hinck or Otto H. Hinck, Inc. from any claim or claims, suit or suits, actions or causes of actions, which it has or may have against the said Otto H. Hinck or Otto H. Hinck, Inc., arising out of the facts connected with the alleged purported sale of certain merchandise from C. Itoh & Co., Ltd., and the said L. & D. Marcus hereby

specifically reserve any and all right, claims, causes of action, whether in law or equity, against the said Otto H. Hinck or Otto H. Hinck, Inc."

Defendant's contention in his answer is that the plaintiffs, having released one of the joint tort feasors, have remised and released any right of action plaintiffs might have against the defendant thereby.

This case was originally started in the Supreme Court of the State of New York. The contract and the circumstances out of which this action arose occurred in the City, County and State of New York. Therefore, the validity of this defense depends upon the substantive law of the State of New York. Erie R. Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. That being so, Sections 231–234 of the Debtor and Creditor Law of the State of New York (Consol. Laws N.Y. c. 12), apply.

The defendant sets up this release as an absolute and complete defense. The release having been given with reservations against this defendant, and having specifically reserved all rights against him, this defense is not a complete defense, and the plaintiffs' motion should therefore be granted. Submit order on notice.