### MICHELSON v. SHELL UNION OIL CORPORATION.

No. 7105.

District Court, D. Massachusetts.

Feb. 2, 1940.

Wm. H. Lewis, Sr., and Wm. H. Lewis, Jr., both of Boston, Mass., for plaintiff.

Neil Leonard (of Bingham, Dana & Gould), of Boston, Mass., for defendant.

SWEENEY, District Judge.

The defendant has filed a motion to strike certain portions of the plaintiff's substituted declaration.

■ In its original motion for further particulars the defendant sought certain information with relation to newspaper and magazine publications. The court ordered some of the information to be furnished. In the substituted declaration, filed pursuant to this order, the information was given directly as to the magazine publications, but, with reference to the newspaper publications, the particulars were *incorporated* into the substituted declaration by a reference to certain exhibits attached to depositions taken in New York. Inasmuch as there is a possibility that the exhibits may never be admitted in evidence, I am of the opinion that the plaintiff should amend his substituted declaration so as to copy into it the information and facts that, he says are contained in the exhibits attached to the depositions. Since a bill of particulars is a part of the pleadings, the particulars should be included in the pleadings.

A second portion of the motion to strike refers to the plaintiff's failure to specify "as to each of the words or phrases set forth in the right-hand column of the table contained" in the plaintiff's declaration. In amending his substituted declaration the plaintiff is ordered to specify the name and date of publication of at least one magazine or newspaper publishing each of the alleged infringing advertisements set out in the right-hand column under Super Shell advertisements. It is to be understood, however, that the plaintiff is not restricted to the specified newspapers and magazines in proving his case on the merits. Thirty days will be given to the plaintiff to comply with the above.

■ The defendant also asks that all reference to the alleged infringement by radio broadcast be stricken from the bill. The basis of this motion is that a copyrighted literary work is not infringed by the mere reading of that work over the radio. This raises a novel question. There is authority for the fact that there are property rights in a script used for radio broadcasts. See Uproar Co. v. National Broadcasting Co., 1 Cir., 81 F.2d 373. To accept the defendant's theory would mean that property rights might be obtained by merely using an otherwise copyrighted and protected literary work. However, I think it is premature to pass upon the defendant's motion. This particular point of the law should be decided by the court hearing the case on the merits. The motion to strike is therefore denied as to this feature, with leave reserved to renew the motion before the trial court.

■ The motion to refer this case to a master is denied without prejudice of renewal at the proper time. The plaintiff today is being ordered to supply further particulars, after which the defendant will probably want to amend its answer. Accordingly, the motion for a reference to a master is premature.