## BRUNSWICK–BALKE–COLLENDER CO. v. AMERICAN BOWLING & BILLIARD CORPORATION.

District Court, S. D. New York.
May 20, 1942.

Kenyon & Kenyon, of New York City, for plaintiff.

Gluck & Breitenfeld, of New York City, for defendant.

### GODDARD, District Judge.

Plaintiff makes three motions: One, for an order under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, striking out paragraph 26 from the defendant's answer and paragraphs 37 to 47 inclusive, and paragraphs 49 and 50 from the defendant's counterclaim on the ground that the matter alleged in said paragraphs is redundant, immaterial, impertinent and scandalous. Two, for an order under Rule 12(b) of the Federal Rules of Civil Procedure dismissing these same paragraphs and in addition paragraphs 51 and 53 of defendant's counterclaim upon the ground that they fail to state any claim or defense upon which relief can be granted. Three, for a bill of particulars as to certain paragraphs in the counterclaim in the event that the first two motions are denied in whole or in part.

One—motion to strike. The substance of plaintiff's attack upon the de-

fense of unclean hands is that the facts pleaded for the purpose of showing inequitable conduct on its part are not in any way connected with the subject matter of the suit. Here, plaintiff is challenging the sufficiency of the defense and this should not be done in a motion under Rule 12(f) but rather in a motion under Rule 12(b). Eastman Kodak Co. v. McAuley, D.C., 2 F.R.D. 21. Accordingly, the motion under Rule 12(f) to strike out paragraph 26 of the answer is denied without prejudice to defendant's motion made pursuant to Rule 12(b) to dismiss the defense for insufficiency. The part of the motion which relates to striking out paragraphs 37 to 47 inclusive and paragraphs 49 and 50 from defendant's counterclaim is also denied. It does not appear that the adverse party would be unduly prejudiced by allowing the pleading to stand as it is and the mere presence of redundant, immaterial matter, not affecting the substance, is not in itself sufficient reason for granting a motion to strike the matter from the counterclaim. See Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corporation, D.C., 2 F.R.D. 305, and cases cited therein.

Two—motion to dismiss. Not any of the allegations set forth in paragraphs 37 to 53 inclusive affect the question as to whether or not plaintiff has infringed upon certain patents and a trade mark registration owned by the plaintiff which is the subject matter of plaintiff's action. The maxim that "He who comes into equity must come with clean hands" applies only to cases where the alleged inequitable conduct of the party is directly connected with the subject matter of the suit. Trico Products Corporation v. E. A. Laboratories, Inc., D.C., 49 F.2d 404; General Electric Co. v. Minneapolis Electric Lamp Co., D.C., 10 F.2d 851.

The cases of Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363, and B. B. Chemical Co. v. Ellis, 314 U.S. 495, 62 S.Ct. 406, 86 L.Ed. 367, referred to by the defendant, are obviously distinguishable. Plaintiff's motion to dismiss paragraph 26 of the answer is granted.

Plaintiff's motion to dismiss paragraphs 37 to 47 inclusive and paragraphs 49, 50 and 51 of the counterclaim is denied. These paragraphs, although mainly evidentiary in character, when read in conjunction with the other paragraphs of the

counterclaim, make out a cause of action which, if established on trial, would entitle the defendant to a declaratory judgment and to injunctive relief prayed for. A pleading will not be stricken out for insufficiency unless it appears in the light most favorable to the pleader, that no relief can be granted if facts in accordance with the allegations be proved. Winget v. Rockwood, 8 Cir., 69 F.2d 326; Donnelly Garment Workers' Union v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309; Tahir Erk v. Glenn L. Martin. Co., 4 Cir., 116 F.2d 865.

Paragraph 53 of the answer charges the plaintiff with violating the anti-trust laws of the United States. This allegation is unsupported by any facts showing that the anti-trust laws were in fact violated by the plaintiff or that the defendant's business was in fact injured by reason of such alleged violation. Allegations of such facts are essential in order to state a cause of action for violation of the anti-trust laws. Lowe v. Consolidated Edison Co., Inc., D.C., 1 F.R. D. 559. McJunkin v. Richfield Oil Corporation, D.C. 33 F.Supp. 466; Gerli v. Silk Association of America, D.C., 36 F.2d 959. Plaintiff's motion to dismiss paragraph 53 of the answer is granted.

Three—Bill of Particulars. Particulars relating to paragraph 37 of the counterclaim asking for information as to the amount in dollars or number of units and the total volume of business relating to bowling alleys, etc., is not necessary to enable plaintiff to reply to this allegation. Defendant has consented to furnish plaintiff with the approximate period of time for which the percentage volume was computed. Other particulars relating to paragraph 37 are denied. The particulars required as to paragraph 38 are not necessary to enable plaintiff to plead. Information, except that which the defendant has consented to give, is denied. Particulars with reference to paragraph 42 is also denied except as consented to by defendant. Plaintiff's requests for particulars relating to paragraphs 48 and 52 are granted as the plaintiff is entitled to know which of defendant's customers were threatened, the nature of these threats, and who made them. O-So-Ezy Mop Co. v. Channell Chemical Co., D.C., 230 F. 469. Plaintiff is entitled to the particulars asked for relating to paragraph 51.

Plaintiff's motion for an order striking out paragraph 26 from defendant's answer and paragraphs 37 to 47 inclusive, and paragraphs 49 and 50 from defendant's counterclaim is denied. Plaintiff's motion to dismiss paragraphs 26 and 53 is granted. That part of plaintiff's motion to dismiss which relates to paragraphs 37 to 47 inclusive and paragraphs 49, 50 and 51 of defendant's counterclaim is denied. Particulars as to paragraphs 37, 38 and 42 are denied, except as consented to. Particulars as to paragraphs 48, 51 and 52 are granted.

Orders in accordance with the above to be settled on notice.