## UNITED DISTILLERS AGENCY, Inc., v. OLD ROCK DISTILLING CO.

### No. 190.

District Court, W. D. Missouri, S. D.

Dec. 18, 1942.

Ratner, Miller & Levenson, of Chicago, Ill., and Spencer & McPherson, of Joplin, Mo., for plaintiff.

Butler Disman, of Kansas City, Mo., and Scott & Scott, of Joplin, Mo., for defendant.

REEVES, District Judge.

The motion of plaintiff to strike is permitted by subsection (f), Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. A brief statement of the contents of the pleadings is necessary to an understanding of the motion and an appropriate ruling thereon.

Plaintiff's complaint is predicated upon the alleged breach of an agency contract. The contract, however, was entitled, "Sales Contract." The defendant is engaged in the distillation of alcoholic products at Joplin, Missouri. The plaintiff is an agency promotion company at Chicago. It contracted with the defendant, for a specified commission, to sell its alcoholic products

throughout the United States except within the State of Missouri. It was an exclusive agency. The plaintiff was required to sell a minimum of such products within named periods. On failure to meet such minimal standard, "then said Distiller may, at its option, abrogate this agreement by giving ten days written notice thereof to said Distributor." The contract was for a period of five years but subject to termination if the defendant should "receive a bona fide offer for the purchase of said Distillery or all of the capital stock thereof or substantially all of its manufactured products that it is willing to accept. * * *". In such event, however, the plaintiff was to be accorded an opportunity to purchase upon the same terms.

It is unncessary to set out the procedure as outlined in the contract in the event of such offer to purchase.

In its complaint the plaintiff avers that within a year after the execution of the contract the defendant violated its terms by failure to give it credit for commissions on sales consummated by it on behalf of the defendant and that thereafter the defendant declined to fill its orders.

By its answer the defendant admits the conditions of the contract; and in substance it admits that it did decline to fill orders submitted by the plaintiff after an indicated date. It denies that it neglected to pay commissions earned by plaintiff on orders accepted and filled by it and suggests an accounting.

It justifies its refusal to fill orders submitted by plaintiff upon several grounds:

(a) By its paragraph number 3 in its answer, the defendant avers that the contract lacked mutuality and was therefore unenforceable;

(b) By its paragraph numbered 8, it became physically impossible for it to fill such orders for the reason that under the terms of the contract as properly construed it had disposed of its property as it had a right to do and had quit business, and,

(c) By its paragraph 14 it had sold its capital stock as specifically provided that it might do under paragraph (11) of the contract annexed to plaintiff's complaint as Exhibit "A"; and, that having complied with the provisions of the contract, same was terminated, and it was so understood by the parties.

The defendant interposed another defense by paragraph 15 of its answer, which is an equitable defense. By this paragraph it seeks to correct paragraph (11) of the contract sued on, if otherwise its language is not clear, so as to express the mutual understanding and intent of the parties.

All the above matters will be noticed in the following discussion:

1. Paragraph 3 of the defendant's answer, and against which the motion to strike is leveled, appertains to the subject of mutuality in the contract. The defendant contends that it lacked mutuality for the reason that upon failure of the plaintiff to meet the minimal standards of sales within a specified period, the defendant was given the right to terminate the contract upon notice. This, however, by reading the contract, appeared to have been optional and was a privilege which the defendant could waive. See Hunt v. Stimson, 6 Cir., 23 F.2d 447. A careful study of the contract shows there could hardly be a question of its complete mutuality and that this defense is without merit.

It is purely a legal question, however, and is not one that would tend to confuse a jury at a trial, as urged by the plaintiff. The defendant would have a right to assert lack of mutuality as a legal proposition both in this court and on appeal. It would not be proper, therefore, to strike out its averment, as such averment, from this time forward in the trial court, will remain a mere formal and perfunctory averment.

2. Paragraph 8 of the defendant's answer and its paragraph 14 are so interlocked that one can not be considered without an examination of the other. Paragraph 8 rests its effectiveness upon the averments of paragraph 14. Paragraph 14 of defendant's answer pleads the sale of its property as contemplated in paragraph (11) of the contract. In elaborate detail the defendant sets out the entire procedure, including all that was done in an effort to conform to the provisions of said paragraph (11) of the contract. It avers that notices were given when an opportunity to sell was presented and that the plaintiff acted upon said notice and was accorded the right provided in the contract to purchase said property by meeting the terms proposed by another probable purchaser. According to the averments of this paragraph both the plaintiff and the defendant construed the contract, and particularly paragraph (11) thereof, as it obviously appears such contract should be construed.

If the facts as averred are true, then the parties by their conferences and negotiations construed and understood the meaning of the language in said paragraph (11) of the contract.

These of course are factual questions that the defendant would have a right to present at the trial and offer testimony in support of its averments. Since paragraphs 8 and 14 raise purely factual questions and such as the defendant would have a right to raise, such paragraphs should not be stricken as, if true, they are both pertinent and material.

3. The equitable defense raised by paragraph 15 is improvidently posed in view of the averments of paragraph 14. If such facts be true as alleged in paragraph 14, then paragraph (11) of the contract needs no modification or interpretation. According to the averments of paragraph 14, the parties made no mistake in the language incorporated in said paragraph (11) of the contract. The mutual intent and understanding of the parties is well set out in paragraph 14 of the defendant's answer and by the conduct of both parties, according to these averments, the contract was construed and thoroughly understood.

Paragraph 15, therefore, performs no office but is contradictory to the theory embodied in paragraph 14. It should be stricken out.

The motion to strike, therefore, should be overruled insofar as it relates to paragraphs 3, 8 and 14 of the defendant's answer and should be sustained as to paragraph 15. It will be so ordered.