## UNITED STATES v. CONSOLIDATED FISHERIES, Inc., et al.
### No. 299.

District Court, D. Delaware.
June 4, 1943.

On Motion for Preliminary Injunction
June 9, 1943.

the government from using the military reservation in the housing, feeding and training of the personnel assigned to duty at the Fort. In short, the noxious stench from the fish factory makes the soldiers sick, and the germination of a certain type of fly seriously endangers their health.

The government filed two motions. The first is for a preliminary injunction; and the other is to strike, under Rule 12 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the second defense set forth in defendants' answer, on the ground that the matters therein set forth do not constitute a valid defense to the relief sought.[1] The present matter arises on the second motion alone, as the argument for a preliminary injunction is to be made within the next several days.

The second defense in defendants' answer alleges that "* * * defendants * * * have committed no acts of nuisance which they were not legally entitled to commit as against the plaintiff, by reason of the fact that the defendant corporation, and its predecessors in title, have operated continuously, adversely and as of right for a period of more than twenty (20) years prior to the filing of the Complaint in this cause, and that the odor, smoke, flies and other features mentioned in this Complaint are no more considerable in quantity or disagreeable in nature than the odor, smoke and flies emanating from the defendants' premises for more than twenty (20) years prior to the filing of this Complaint."

Defendants contend that the government is here proceeding in its proprietary character to abate a private nuisance, and rely on the rule that a person may acquire by prescription the right to maintain such a private nuisance. At the argument, the government claimed that the present operation of defendants' factory constitutes a public nuisance. There is nothing before me in explanation of the failure of the Attorney-General of Delaware to institute an action to abate the alleged public nuisance.

In any event, it is now well settled that a court of equity will restrain a public nuisance at the suit of a private person where he is in imminent danger of

Stewart Lynch, U. S. Atty., and W. Thomas Knowles, Asst. U. S. Atty., of Wilmington, Del., and Charles M. Irelan, Sp. Asst., of Washington, D. C., for the United States.

James M. Tunnell, Jr., of Georgetown, Del., for defendants.

LEAHY, District Judge.

The United States of America seeks to enjoin the defendants, Consolidated Fisheries, Inc., and its officers, from operating a certain factory at Lewes, Delaware. The business of the defendants is the reduction of fish to commercial oils, fertilizer, fish scrap and poultry food. The factory is located on the Delaware Bay and lies immediately north of and adjacent to Fort Miles. The Fort has been used as a military reservation since 1873 and is presently used by the United States Army for substantial military training and defense operations. In substance, the complaint alleges defendants so conduct their fish factory as to create a nuisance, seriously hampering

---

[1] Such a motion to strike under Rule 12 may be used to test the sufficiency of a pleading. Brockway Glass Co., Inc., v. Hartford-Empire Co., D.C., 36 F.Supp. 470; Schenley Distillers Corp. v. Renken, D.C., 34 F.Supp. 678; Teiger v. Stephan Oderwald, Inc., D.C., 31 F.Supp. 626; Marcus v. Hinck, D.C., 28 F.Supp. 945; Abruzzino v. National Fire Ins. Co., D.C., 26 F.Supp. 934.

551

suffering a special injury. City of Georgetown v. Alexandria Canal Co., 12 Pet. 91, 9 L.Ed. 1012. And it is also the rule that no one can acquire a prescriptive right to maintain a public nuisance. Woodruff v. North Bloomfield Gravel Min. Co., C.C., 18 F. 753. The rationale of the rule is that, unlike a private nuisance, a public nuisance never becomes lawful. Since the duty to abate such a nuisance rests primarily upon the public authorities, and since such a nuisance never becomes lawful, it would be unfair to penalize a private individual for delay in assuming such a burden especially when the relief granted will benefit the public.

Here, admittedly, the government is suing in its private character to remedy a special injury suffered by it. I cannot conclude that the defendants' second defense is insufficient until the government adduces sufficient facts demonstrating that we have here a public nuisance. · If the government can make such a showing and also prove the special injury alleged in the complaint, it may be that defendants will not be able to rely on a prescriptive right defense. But, at the moment, I am in no position to strike the defense in the absence of the important factual data showing the ambit within which the alleged nuisance operates.

Accordingly, the government's motion to strike the second defense is denied.

On Motion for Preliminary Injunction.

At the argument for a preliminary injunction, the government adduced evidence showing the extent of the nuisance.

LEAHY, District Judge.

Under my view, I think the complaint is sufficient in its allegations to show that this is a public nuisance. I think the affidavits filed in support of the allegations of the complaint are likewise sufficient to show that the alleged nuisance is not localized to the military reservation, but permeates and has a periphery of several miles beyond the site of the factory.

According to the defendant's evidence, it would appear that any noxious odors which may have emanated in the past will not be forthcoming in the light of the new improvements which are being made to the plant. However, there is the threat that the nuisance may continue.

Under these circumstances, I am going to issue the preliminary injunction with a provision that the execution of the injunction shall be stayed until June 30, 1943. Prior to that date and after the operation of the plant commences on June 15th, defendants' counsel may apply to this court to dissolve the injunction and to stay its execution further.

I have doubt as to whether we will ever approach final hearing in this case because the documentary proof and evidence, together with the affidavits which have been adduced here, it would seem to me, is tantamount to a final hearing.

In any event, I think the Court should retain jurisdiction in the cause so that either the complainant or the defendants may apply for further injunctive process.

If you will agree on a form of the decree and submit it to me, I will give it consideration.