**DAY & ZIMMERMAN, Inc., et al. v. FERACO (READING CO., Third-Party Defendant).**

**No. 4405.**

District Court, E. D. Pennsylvania.

Aug. 9, 1945.

John Ryan and David H. Frantz, all of Philadelphia, Pa., for plaintiffs.

Harrison G. Kildare (of Rawle & Henderson), of Philadelphia, Pa., for F. Feraco.

BARD, District Judge.

This is a motion by plaintiffs to strike certain matter from the answer of F. Feraco, defendant and third-party plaintiff, as immaterial, insufficient in law, failing to set forth a defense to the cause of action, and not responsive to the issue made under Federal Rules of Civil Procedure, Rule 12(f), 28 U.S.C.A. following section 723c.

The complaint alleges that defendant, a common carrier, entered into an oral contract with plaintiffs for the transportation of certain machinery from Philadelphia to Cressona, Pennsylvania; that the machinery was seriously damaged while in defendant's possession; and that plaintiffs are entitled to recover the amount expended to repair the machinery and the cost of rental during the period in which it was being repaired. The answer admits substantially all the material allegations except those relating to the amount of damages, but denies liability on the ground that the damage to the machinery was not due to any fault or negligence of defendant but was due solely to the carelessness and negligence of the Reading Company.

Defendant filed a third-party complaint against Reading Company. The Reading Company filed an answer to plaintiff's complaint, an answer to the third-party complaint, and a cross-claim against the defendant and third-party plaintiff.

Plaintiffs seek to strike from the answer: (1) a portion of the "First Defense" as follows: "* * * and on the contrary, avers that if any amount is due Plaintiffs herein, Defendant is not liable therefor, but the same is the liability of Reading Company, Third-Party Defendant, for the reasons more fully set forth in the Second Defense; * * *"; and (2) the entire "Second Defense" relating that the damage to the machinery occurred in a collision with a train owned and operated by the Reading Company and that the collision was caused by the negligence of the Reading Company.

Plaintiff urges that neither defendant's lack of negligence nor the alleged negligence of the Reading Company is a legal defense to an action to recover from a common carrier for damage to goods in transportation.

▮ It is manifestly the law that defendant's lack of negligence or the negligence

of a third party are not legal defenses to this suit. Gordon and Walker v. Little, 8 Serg. & R., Pa., 533, 11 Am.Dec. 632; S. M. Willock v. Pennsylvania R. Co., 166 Pa. 184, 30 A. 948, 27 L.R.A. 228, 45 Am.St. Rep. 674; Eckert v. Pennsylvania R. Co., 211 Pa. 267, 60 A. 781, 107 Am.St.Rep. 571; Consolidated Cigar Corporation v. Corbin, 285 Pa. 273, 132 A. 364; Brown, Rights and Duties of Bailor and Bailee Under the Law of Pennsylvania (1944) 18 Temp.L.Q. 199, 202.

There remains the question whether matter which is not in law a defense to the complaint may be stricken from the answer by a motion under Rule 12(f). The decisions and authorities are in confusion on this point.[1] The diversity of the decisions appears to be due to the difficulty in fitting allegations which are not legal defenses to the complaint within the words "redundant, immaterial, impertinent, or scandalous." Schenley Distillers Corporation v. Renken, D.C.E.D.S.C., 34 F.Supp. 678, 682. Some of the cases denying the propriety of a motion under Rule 12(f) have indicated that the proper procedure would have been a motion under Rule 12(b) (6), "failure to state a claim upon which relief can be granted", or a motion for judgment on the pleadings under Rule 12(c). Abruzzino v. National Fire Ins. Co. of Hartford, Conn., D.C.N.D.W.Va., 26 F.Supp. 934; Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corporation, D.C.S.D. N.Y., 2 F.R.D. 487; Hartford-Empire Co. v. Glenshaw Glass Co., D.C.W.D.Pa., 47 F.Supp. 711. And a close study of the opinions sustaining the use of Rule 12(f) indicates that, in many of them, the motions were, in fact, considered as motions under Rule 12(b) (6).

By their motion to strike, plaintiffs in effect seek to attack the legal sufficiency of the affirmative defense. In fact, plaintiffs paraphrased Rule 12(b) (6) by including the words, "fail to set forth facts constituting a defense to Plaintiffs' cause of action", as one of the grounds for the motion to strike. Under the liberal interpretation accorded the Federal Rules, United States v. One Ford Coupe, D.C.M.D.Pa., 26 F.Supp. 598, it seems proper to treat the motion to strike as one under Rule 12 (b) (6), the appropriate motion. United States v. Edward Fay & Son, D.C.E.D.Pa., 31 F.Supp. 413; Colan v. Wecksler, D.C. S.D.N.Y., 45 F.Supp. 508.

 Accordingly, since the matter plaintiff seeks to strike fails to set forth facts constituting a valid defense to the complaint, the motion is granted.

---

**1** Matter which does not in law constitute a defense may be stricken under Rule 12(f): Schenley Distillers Corporation v. Renken, D.C.E.D.S.C., 34 F.Supp. 678; Eastman Kodak Co. v. McAuley, D.C.S.D. N.Y., 41 F.Supp. 873; United States v. Consolidated Fisheries, Inc., D.C.Del., 50 F.Supp. 550; Best Foods, Inc. v. General Mills, Inc., D.C.Del., 3 F.R.D. 459; United Distillers Agency, Inc. v. Old Rock Distilling Co., D.C.W.D.Mo., 3 F.R.D. 179; Marcus v. Hinck, D.C.S.D.N.Y., 28 F.Supp. 945; Teiger v. Stephan Oderwald, Inc., D.C.S.D.N.Y., 31 F.Supp. 626; Mendola v. Carborundum Co., D.C., 26 F. Supp. 359; Simkins, Federal Practice, 1938 Ed. p. 277.

Matter which does not in law constitute a defense may not be stricken under Rule 12(f): United States v. Edward Fay & Son, D.C.E.D.Pa., 31 F.Supp. 413; Dysart v. Remington Rand, Inc., D.C.Conn., 31 F.Supp. 296; Hartford-Empire Co. v. Glenshaw Glass Co., D.C.W.D.Pa., 47 F. Supp. 711; Sbicca-Del Mac, Inc., v. Milius Shoe Co., D.C.Mass., 36 F.Supp. 623; United States v. United States Gypsum Co., D.C.D.C., 53 F.Supp. 889; Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corporation, D.C. S.D.N.Y., 2 F.R.D. 487; Michelson v. Shell Union Oil Corporation, D.C.Mass., 1 F.R.D. 183; Holtzoff, New Federal Procedure and the Courts, 1940, p. 42.