**DE GENNARO v. PENNSYLVANIA R. CO.**

**Civil Action No. 5475.**

District Court, E. D. Pennsylvania.

Oct. 18, 1946.

Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

Philip Price, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a motion by plaintiff to strike a defense from defendant's amended answer to the complaint.

Plaintiff brought the present action for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., alleging that she was engaged in interstate employment, and that while so employed she was injured through defendant's negligence. Defendant, in its amended answer to the complaint, asserted as a second and separate defense, that plaintiff has no right of action under the Federal Employers' Liability Act because the Pennsylvania Workmen's Compensation Board has made a final adjudication in the case of plaintiff's injuries, which adjudication is conclusive of the fact that plaintiff was engaged in intrastate employment at the time of the accident.

Plaintiff then moved to strike this second defense on the ground that it is insufficient in law to constitute a defense to the action. Plaintiff points out that she and defendant entered into a voluntary agreement for the payment of workmen's compensation on November 29, 1944, shortly after the accident occurred; that, after approval of the agreement by the Department of Labor and Industry, payments thereunder were made by defendant; and that defendant subsequently petitioned the Workmen's Compensation Board to terminate payments on the ground that plaintiff's disability had ceased. A referee found that plaintiff's disability had ceased on March 29, 1945, and the referee's finding was affirmed by the Workmen's Compensation Board on March 6, 1946. At no stage in the proceeding did either party raise the question of the nature of plaintiff's employment, whether interstate or intrastate; and no evidence on that point was offered, either before the referee or before the Workmen's Compensation Board.

 Plaintiff's motion attacks the legal sufficiency of the second defense. I have recently held that the question of the legal sufficiency of a defense may be raised by a motion to strike, in the case of Day & Zimmerman v. Feraco, D.C., 4 F.R.D. 400. The authorities are there cited, and there is no need to repeat them here.

Defendant argues that, although the Workmen's Compensation Board made no finding as to the nature of plaintiff's employment, and indeed had no evidence on which to base such a finding, nevertheless it should be inferred that the Board concluded that plaintiff was engaged in intrastate employment, because otherwise it could not have assumed jurisdiction in the matter. Defendant contends that the adjudication of the Workmen's Compensation Board, from which plaintiff took no appeal, constitutes a final judgment, and may not be collaterally attacked.

I cannot agree with defendant's line of reasoning in the instant case. Bearing in mind that the only evidence presented either to the referee or to the Workmen's Compensation Board pertained to the question of whether plaintiff's disability had

ceased, and that no question as to the nature of plaintiff's employment was ever raised, I cannot conclude that the Board's adjudication was res judicata as to the nature of plaintiff's employment. See Hoffman v. New York, N. H. & H. R. Co., 2 Cir., 74 F.2d 227; Zimmerman v. Scandrett, D.C., 57 F.Supp. 799. Both of these cases deal with facts substantially similar to these of the instant case, and it was held by the court that it would be improper to infer from the assumption of jurisdiction by the state compensation authority, that that body found any facts as to the nature of the individual's employment, when the record revealed a complete lack of evidence from which such an inference could arise. Defendant relies on the case of Hagens v. United Fruit Co., 2 Cir., 135 F.2d 842. However, I think that neither that case, nor the cases there cited, are analogous to the case at bar.

Plaintiff's motion to strike the second defense from defendant's amended answer to the complaint is granted.