In the Matter of the Arbitration between H. L. C. BENDIKS, INC., Petitioner, and FRANK & MOLONEY, INC., Respondent.

Supreme Court, Special Term, New York County, January 31, 1950.

*Arthur B. Colwin* for petitioner.

*Maxwell Shapiro* for respondent.

PECORA, J. This is one of three motions made by petitioner for orders directing that arbitration proceed upon disputes between the parties. The petition alleges that respondent, purporting to act as agents for a Portugese corporation, entered into a written contract for the sale of coffee to petitioner. Petitioner further alleges that it ascertained from the alleged principal that respondent had no authority to execute the contract as agent for the said Portugese corporation. A claim for damages is asserted against the agent (respondent herein) " resulting from the breach of warranty of the authority " of said agent.

The contract provides that any and all controversies arising under, out of, or in connection with the contract shall be settled by arbitration.

The question to be determined is whether the claim for damages for breach of warranty of authority is arbitrable under the contract. In *Moore* v. *Maddock* (251 N. Y. 420) the court in discussing the nature of a cause of action against an agent who attempted to make a contract on behalf of a corporation, without authority, said (p. 425): " The cause of action is not upon the contract itself, made in the name of his principal, but upon the defendant's implied warranty or promise (*New Georgia Nat. Bank* v. *Lippman*, 249 N. Y. 307.) " The court there pointed out that the doctrine of an implied promise or warranty was a device to place the loss upon an agent who acted without authority, since there was no contract with the principal because of such lack of authority. So, too, in Williston on Contracts ([Rev. ed.], Vol. 1, § 282, p. 831) the learned author states that the " agent is liable not on the contract, but on the implied warranty of his authority based on his representation of authority ".

The matter which petitioner here sues to arbitrate is not the principal's liability on the contract, but the agent's liability for damages based on petitioner's assertion that no contract with the principal was effected because of the agent's lack of authority. Such claim, I hold is not one arbitrable under the contract, but arises from the agent's warranty which is implied in law.

The motion to compel arbitration is denied. Settle order.