**MIRAVALLES COMPANIA NAVIERA, S. S., Libellant,**

v.

**The NISSHO COMPANY, LTD., TOKYO, and Gannet Freighting Incorporated, Respondents.**

United States District Court
E. D. New York.

Aug. 18, 1962.

James E. Freehill, New York City (David I. Gilchrist, New York City, and Hill, Betts, Yamaoka, Freehill & Longcope, of counsel), for respondent Gannet Freighting Incorporated, for the motion.

Christ Stratakis, (Poles, Tublin & Patestides, New York City, of counsel), for libellant, opposed.

DOOLING, District Judge.

Libelant shipowner has filed a libel in admiralty against a corporation of Japan and Gannet, a United States corporation with an office in the Southern District of New York, averring that libelant has no redress in this, the Eastern District of New York, against either defendant other than by process of attachment against its credits with The First National City Bank of New York. In the first cause of action the shipowner sues the Japanese company for total breach of an alleged agreement by which the shipowner undertook to charter a vessel to the Japanese company. In the second cause of action the shipowner sues Gannet as broker for falsely representing that it had authority as broker to charter the libelant's vessel on behalf of the Japanese company and for breaching that warranty of authority, libelant having performed all terms of the contract on its part.

·Libelant served notice of attachment against Gannet on a branch of the First National City Bank in this, the Eastern

District of New York, with the consequence that Gannet's credits, "in" a branch of the Bank located in the Southern District, have been seized. Respondent Gannet moves to vacate the attachment alleging that the claim against it is not within the admiralty jurisdiction and therefore attachment under Admiralty Rule 2, 28 U.S.C. is unavailable to libelant.

The second cause of action is framed in contract; the allegation of due performance on libelant's part suggests that as does the use of the language of "breach". See Moore v. Maddock, 1929, 251 N.Y. 420, 424–425, 167 N.E. 572, 64 A.L.R. 1189. But the contract—if such it be—sued upon is not the plainly maritime contract alleged in the first cause of action. Libelant's arguments for making the broker significantly a party to that contract are met at every turn by the bald fact that the broker explicitly signed as such for his named and professed principal, a principal existent, existent as a principal of this broker in some transactions, a principal capable of and, apparently interested in, making the sort of contract involved. That the principal did not in fact contract with libelant through its broker because of a defect in authority if that is shown, may have the consequence for the broker on which libelant counts in his second cause of action, but whether that cause of action be in tort, contract or a hybrid it is not based on the contract of the first cause of action.

Hence the dispositive question is whether the "contract" of the second cause of action is "sufficiently related to purely maritime concerns as not to put it, without more, beyond the pale of admiralty law", in the language of Kossick v. United Fruit Co., 1961, 365 U.S. 731, 738, 81 S.Ct. 886, 6 L.Ed.2d 56. Neither the Kossick case nor Archawski v. Hanioti, 1956, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676 decides the issue: in each the basal maritime obligation between the parties was plain; in the Kossick case it survived being integrated in a contractual promise to save harmless from any damage that flowed from suffering the promisor to perform his duty to maintain and cure the promisee in the way the promisor wanted and the promisee had resisted; the Hanioti case remedied a plain breach of plain maritime duty.

The present cause of action is not one to enforce a maritime obligation but rather to enforce a substitutional obligation to render a different, indemnifying performance upon the failure of a maritime obligation with a different party to come into force. Cf. Northern Star S. S. Co., v. Kansas Milling Co., S.D.N.Y. 1947, 75 F.Supp. 534, 535–536. The roughly analogous suit against the surety of a charterer (Eadie v. North Pac. S. S. Co., N.D.Cal.1914, 217 F. 662; Pacific Surety Co. v. Leatham & Smith Towing & Wrecking Co., 7th Cir. 1907, 151 F. 440) is not considered to be within the admiralty jurisdiction. So too the procurement activities preliminary to maritime contracting or service, again analogous, do not give rise to suits within the admiralty jurisdiction. Goumas v. K. Karras & Son, S.D.N.Y.1943, 51 F.Supp. 145, aff'd., 2d Cir. 1944, 140 F.2d 157.

The second cause of action, then, is not within the admiralty jurisdiction; in consequence the procedure of admiralty Rule 2 is not available to libelant as against Gannet; the attachment and the notices served thereunder are unauthorized and must be vacated and set aside.

Amendment is not available to libelant to save the attachment where the attachment has been the sole process foundation of jurisdiction and its availability as initial process depended on the allegations of the original libel. Moreover, there is here nothing to suggest that amendment will take a direction that would support attachment.

Libelant's general procedure, sanctioned in the law where the claim is on the admiralty side (Ships & Freights, Inc. v. Farr, Whitlock & Co., E.D.N.Y. 1960, 188 F.Supp. 438; Konstantinidis v. The S. S. Taurus, E.D.N.Y.1961, 196 F. Supp. 433), may be thought harsh and, in

the light of Civil Rule 4(f), 28 U.S.C. and 28 U.S.C. § 112(b), (c), needlessly so. But the harshness is the law's, not libelant's, and it is not bad faith to invoke it, nor to fail on a question of law so vexed as the present one.

Accordingly, on the motion of respondent Gannet Freighting Incorporated, it is

ORDERED that the attachment of the funds of Gannet Freighting Incorporated in its account at The First National City Bank of New York be and it hereby is vacated and set aside.