Constantiner v Sovereign Apts., Inc. (2018 NY Slip Op 07049)





Constantiner v Sovereign Apts., Inc.


2018 NY Slip Op 07049


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


7415 651889/13

[*1]Dr. Arturo Constantiner, et al., Plaintiffs-Respondents,
v
The Sovereign Apartments, Inc., Defendant, Alan Kersh, etc., et al., Defendants-Appellants.


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Debra M. Schoenberg of counsel), for appellants.
Law Offices of Fred L. Seeman, New York (Fred L. Seeman of counsel), for respondents.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered November 1, 2017, which, to the extent appealed from as limited by the briefs, denied defendants Alan Kersh and Candace Kersh's motion to dismiss the causes of action for negligence and injunctive relief as against them, unanimously affirmed, without costs.
Defendants argue that any negligence associated with the reconstruction of the floor in their bedroom was committed by their independent contractor and that therefore they cannot be held liable for the alleged resulting unreasonable amount of sound in plaintiffs' apartment below (see Saini v Tonju Assoc. , 299 AD2d 244, 245 [1st Dept 2002]). However, the affidavit by plaintiffs' sound impact expert discussing the contractor's testimony that "one of the most important ... instructions that [he] had from the architect and the Kershes[] [was] to make sure that the level of [the master bedroom] floor corresponds with the adjacent areas" indicates that defendants exercised some control over the contractor's work (see id. ; see also Moore v Maddock , 224 App Div 401, 404 [1st Dept 1928], affd 251 NY 420 [1929]).
Plaintiff argues that the empirical data indicates that the uncarpeted area of defendants' bedroom had a floor impact insulation class rating of 44, which violates the New York City Building Code (see Administrative Code of City of NY § 1207.3). This allegation is sufficient to withstand dismissal of the negligence cause of action at this juncture, as a violation of the Administrative Code is some evidence of negligence (Elliott v City of New York , 95 NY2d 730, 734 [2001]).
The cause of action for injunctive relief also remains viable; it is drafted in sufficiently general terms not to be limited to the dismissed nuisance cause of action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK